MARÍA ECHANDI, demandante, apelada y apelante, *v.* RAMÓN PARÉS COLLAZO, mejor conocido por Ramón C. Parés, demandado, apelante y apelado.

Núm. 8175.—*Sometido:* Junio 25, 1940. *Resuelto:* Junio 28, 1940.

*R. Díaz Collazo,* abogado del apelante y apelado; *Dubón & Ochoteco y Otero Suro & Otero Suro,* abogados de la apelada apelante.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En octubre 29 de 1939 la Corte de Distrito de Arecibo ordenó al demandado Ramón Parés Collazo que pasara a su esposa una pensión alimenticia de $45 mensuales. El presente recurso de apelación ha sido interpuesto contra la sentencia dictada por la Corte de Distrito de San Juan condenando al mismo demandado a pagar a su esposa María Echandi la suma de $100 al mes. La demandante instó demanda en solicitud de $200. El demandado contestó y declaró que a ella le debería ser posible vivir con los $45 mensuales ya concedídosle. Que cuanto ella necesitaba eran $30 al mes.

Sucede que el demandado pasa o ayuda a pasar a su madre la suma de $125 mensuales. No tenemos duda alguna de que la carga principal recae sobre sus hombros. Paga la suma de $125 por la educación de su hijo en una escuela militar en el Estado de Virginia. Paga o ayuda a pagar por los gastos de educación de su hermana en los Estados Unidos y la suma gastada por ella por tal concepto asciende a unos $1,400 al año. De una parte de su declaración se desprende, sin embargo, que la suma entregada a su madre formaba parte de lo que ella debería pagar por mantener a su hija.

El demandado admitió que recibía la suma de $500 mensuales como administrador de la Central Los Caños en Arecibo. Mientras la corte le ordenó que pagara $45 mensuales él percibía un sueldo de $400 al mes. Hubo alguna duda en el testimonio en torno a si él no tenía otros ingresos en adición a su referido sueldo. La corte no llegó a tal conclusión y podría darse por sentado, para fines de este recurso, que él no percibía más de $500 mensuales en concepto de ingresos. Sin embargo, el demandado admitió que la Central

le suministra una casa, agua, luz, teléfono, automóvil, chófer y gasolina.

De la prueba se desprende con claridad que la demandante reside ahora en San Juan, por requerirlo así su estado de salud, que exige tratamiento médico con bastante frecuencia.

Los antecedentes de las relaciones entre las partes aquí envueltas no se desprenden de los autos del caso, mas es evidente que el demandado prefiere no vivir con su esposa y nada hay en los autos que demuestre que de algún modo él esté tratando de que ella regrese al hogar de él. Bajo estas circunstancias, no tenemos duda alguna de que una mujer, con o sin una buena justificación, tiene derecho a escoger su propio domicilio. Conforme hemos indicado antes, la prueba incontrovertida es al efecto de que ella puede conseguir en San Juan la clase de tratamiento médico que necesita. El demandado no nos convence en absoluto de que el deber de la demandada sea tener su residencia en Manatí.

Tanto durante la vista como en los alegatos el demandado da algún énfasis al hecho de que la demandante no dependía únicamente de sus propios ingresos, sino que en Manatí, al igual que en San Juan, ella vivía con sus familiares; en Manatí con su madre.

Cuando una mujer solicita alimentos del marido, el hecho de que su padre, madre o hermanos estén en condiciones de sostenerla, especialmente si ella no tiene ingresos independientes, como ocurre en este caso, no desempeña papel alguno al determinarse la suma que su esposo tiene que pagar para su sostenimiento. Aun dudamos la pertinencia de la prueba tendente a demostrar que la esposa vive en casa de parientes. Dos personas de ingresos limitados pueden vivir juntos a fin de que la vida sea más llevadera para ambas.

Normalmente uno no puede ver por qué un hombre que percibe $500 mensuales no deba pagar $100 al mes a su esposa. La prueba tiende a demostrar que en sus gastos personales nada más él invierte una suma mayor. Si este

caso se estuviera ventilando en las cortes de los Estados Unidos Continentales, la quinta parte de los ingresos del marido sería inferior a la cantidad mínima que se concedería a la esposa. La situación en Puerto Rico es tal vez ligeramente distinta porque aquí un hombre está obligado a sostener no sólo a su esposa, sino también a sus padres y a sus hijos y hasta cierto punto a sus hermanos y hermanas.

Los artículos 143 y 144 del Código Civil (ed. 1930) proveen:

"Artículo 143.—Están obligados recíprocamente a darse alimentos, en toda la extensión que señala el artículo precedente:

"1. Los cónyuges.

"2. Los ascendientes y descendientes legítimos.

"3. Los padres y los hijos legitimados y los descendientes legítimos de éstos.

"4. Los padres y los hijos ilegítimos y los descendientes legítimos de éstos.

"5. El adoptante y el adoptado, salvo lo dispuesto en el artículo 136.

"Los hermanos deben también a sus hermanos legítimos, aunque sólo sean uterinos o consanguíneos, los auxilios necesarios para la vida, cuando por un defecto físico o moral, o por cualquiera otra causa que no sea imputable al alimentista, no puede éste procurarse su subsistencia. En estos auxilios están, en su caso, comprendidos los gastos indispensables para costear la instrucción elemental y la enseñanza de una profesión, arte u oficio.

Artículo 144.—La reclamación de alimentos, cuando proceda y sean dos o más los obligados a prestarlos, se hará por el orden siguiente:

"1. Al cónyuge.

"2. A los descendientes del grado más próximo.

"3. A los ascendientes también del grado más próximo.

"4. A los hermanos.

"Entre los descendientes y los ascendientes se regulará la gradación por el orden en que sean llamados a la sucesión legítima de la persona que tenga derecho a los alimentos."

Si bien todas las personas arriba nombradas tienen derecho a percibir alimentos de un hombre, su esposa ocupa el primer lugar. No queremos decir que una corte no pueda

tomar en consideración las otras obligaciones de un marido, mas un tribunal debe siempre considerar primero a la esposa, y eso fué precisamente lo que la Corte de Distrito de San Juan hizo en este caso.

La demandante también apeló y señala como error el hecho de que la corte limitara la suma que ella debía percibir a $100, cuando según la prueba debieron asignársele $200, y además que la corte debió haberle concedido honorarios de abogado. Por el examen que hemos hecho de la prueba en este caso no nos sentimos inclinados a intervenir con la discreción de la corte bajo uno u otro señalamiento de error.

El demandado también solicita se desestime la apelación interpuesta por la demandante. Sostiene que el término para apelar había expirado, toda vez que de acuerdo con la ley de desahucio dicho término está limitado a diez días. No obstante el hecho de que se nos pide que decidamos esta cuestión de manera definitiva, no creemos que el caso ha sido muy bien presentado. Nos inclinamos a creer que la sentencia concediendo a la demandante $100 en este caso es final tanto para ella como para el demandado y por ende el inciso 1 del artículo 295 del Código de Enjuiciamiento Civil fija un término de treinta días. En este caso la pensión alimenticia solicitada era la controversia principal y no un incidente del caso.

*La moción para desestimar debe considerarse como declarada sin lugar y la sentencia de la corte inferior confirmada.*